Francis X. Conlon, J.
Plaintiff moves for summary judgment and the defendant Commissioner of Housing of the State of New York cross-moves for summary judgment. The question presented is whether the defendant Amalgamated Housing Corporation, organized under the State Housing Law, is subject to the provisions of the Public Housing Law, section 182 and the subdivisions thereof, as amended, in relation to the power of the Commissioner to order an income survey and increases of rent or surcharges for individual co-operators whose income exceeds the ratio established in that section. Tropp v. Knickerbocker Vil. (205 Misc. 200) is controlling despite the fact that *297 the limited dividend housing corporation there involved was not a co-operative project. The application of the Public Housing Law, as it is being enforced in this instance by the Commissioner, does not violate any contractual relations existing between Amalgamated and its stockholders or between Amalgamated and the stockholders and the State.
It was stated in the Tropp case (supra, p. 215): “It is not reasonable to suppose that the Legislature in 1939 intended by implication to allow all persons — regardless of income — to occupy apartments in projects theretofore constructed, when those very projects were based upon limited dividends to investors and were granted tax exemption by virtue of the public policy behind the enactment of a low-rent housing law for the specific benefit of only those prospective occupants who have low incomes. Nor did the 1949 amendment, which in express statutory language made the Public Housing Law applicable as well to housing projects theretofore constructed, thereby indicate a legislative intent to change an old objective or create a new one. The intention to me is quite patent — to make the low income-rental ratio provisions theretofore in use applicable generally by precise legislative enactment, rather than by statutory implication or regulatory procedure.”
This statement must be taken in light of the continuing supervision by legislative control and by the Commissioner in furtherance of the primary intention to effectuate the policy and purpose of the State Constitution and of the Public Housing Law to provide dwelling accommodations for persons of low income.
The statute confers a benefit upon tenants, whether by original occupancy or by occupancy following eviction of tenants whose income has risen above prescribed limits. Any contractual relationships resulting from plaintiff’s position as a co-operator embrace the scheme of continuing legislative and administrative control and the power of Legislature to alter such relationships.
The motions are granted to the extent of awarding judgment which will contain the declarations for which the defendant commissioner contends.
Settle order.